**U. S. Department of Justice**

*United States Attorney*
*Northern District of Iowa*

*111 Seventh Avenue, SE*
*Box 1*
*Cedar Rapids, IA 52401-2101*

*319-363-6333*
*319-363-1990 (fax)*
*319-286-9258 (tty)*

January 3, 2022

**Government Exhibit 1**
**Case 21-CR-2068-1**

Zach Crowdes
425 2nd Street SE, Suite 1010
Cedar Rapids, IA 52401

Re: *United States v. Alissa Lynn Kucko*, 21-CR-2068-1

Dear Mr. Crowdes:

This letter will serve as a SIXTH memorandum of a proposed plea agreement between the United States Attorney's Office for the Northern District of Iowa and Alissa Lynn Kucko, defendant. All references to the "United States" or "government" in this proposed plea agreement refer to the United States Attorney's Office for the Northern District of Iowa and to no other governmental entity. This plea offer will expire on January 4, 2022, unless otherwise extended by the government.

**CHARGES AND PENALTIES**

1. AK Defendant will plead guilty to Count 2 of the Indictment filed on September 21, 2021. Count 2 charges possession of a firearm by an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3). Defendant also agrees to the entry of a judgment of forfeiture pursuant to the forfeiture allegation included in the Indictment.

2. AK Defendant understands that Count 2 of the Indictment is punishable by the following maximum penalties: (1) not more than 10 years' imprisonment without the possibility of parole; (2) a fine of not more than $250,000; (3) a mandatory special assessment of $100; and (4) a term of supervised release of not more than 3 years. Defendant also understands that if the court finds defendant has three previous convictions for a violent felony or a serious drug offense, or both, committed on occasions different from one another, then pursuant to 18 U.S.C. § 924(e)(1), Count 2 is punishable by a mandatory minimum sentence of 15 years' imprisonment without the possibility of parole and the following maximum penalties: (1) not more than life imprisonment without the possibility of

parole; (2) a fine of not more than $250,000; (3) a mandatory special assessment of $100; and (4) a term of supervised release of not more than 5 years.

3. AJT Defendant understands restitution and a term of supervised release following incarceration may be imposed in addition to any other sentence. Defendant further acknowledges that, if defendant violates, at any time, any condition of supervised release, defendant could be returned to prison for the full term of supervised release and the Court is not required to grant credit for any amount of time defendant may have successfully completed on supervised release. Defendant also understands the U.S. Sentencing Guidelines will provide advisory guidance to the Court in determining a sentence in this case.

4. AJT At the time the guilty plea is entered, defendant will admit that defendant is guilty of the charge specified in Paragraph 1 of this agreement. After sentencing, the government will move for dismissal of any remaining counts. The U.S. Attorney's Office for this District will file no additional Title 18 firearms-related criminal charges based solely upon information now in our possession. If this office becomes aware of evidence of additional crimes warranting criminal prosecution, all information in our possession could be used in such a prosecution.

5. AJT Defendant understands and agrees defendant has the absolute right to plead guilty before a United States District Court Judge. However, if convenient to the Court, defendant agrees to waive and give up this right and to plead guilty before a United States Magistrate Judge. Defendant understands defendant will not be found guilty unless the United States District Court Judge accepts the plea of guilty or adopts a recommendation of the Magistrate Judge to accept such plea. Defendant agrees to execute the attached consent to proceed before the United States Magistrate Judge.

6. AJT Defendant understands and agrees that, consistent with the provisions of 18 U.S.C. § 3143, defendant may be detained pending sentencing. This is regardless of whether a U.S. Magistrate Judge or U.S. District Court Judge presides at the guilty plea hearing and regardless of whether the guilty plea is immediately accepted or formal acceptance is deferred until a later date.

## NON-COOPERATION

7. AJT Defendant understands and concedes that, although defendant is not required by the terms of this plea agreement to testify before any Court or grand jury, the United States may take the prescribed actions under 18 U.S.C. § 6001, *et. seq*. or any other applicable provision of law to compel defendant's

testimony. Defendant agrees that, if defendant refuses to testify after being granted immunity and ordered by the Court to testify, defendant may be found to be in contempt of court and may be punished in accordance with Federal Rule of Criminal Procedure 42 and 18 U.S.C. §§ 401 and 402. Further, the United States Attorney's Office shall be permitted to pursue any other action available to require defendant's testimony or punish defendant's refusal to testify subsequent to any order requiring defendant to testify. Defendant understands and agrees that, because defendant is not cooperating with the government, the United States will not recommend any decrease under §5K1.1 or any other provision of the United States Sentencing Guidelines or under 18 U.S.C. § 3553(e) or any other provision of law.

## STIPULATION OF FACTS

8. AKT By initialing each of the following paragraphs, defendant stipulates to the following facts. Defendant agrees these facts are true and may be used to establish a factual basis for defendant's guilty plea, sentence, and any forfeiture. Defendant has been advised by defendant's attorney of defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410. Defendant waives these rights and agrees this stipulation may be used against defendant at any time in any proceeding should defendant violate or refuse to follow through on this plea agreement, regardless of whether the plea agreement has been accepted by the Court. Defendant agrees that the stipulation below is a summary of the facts against defendant and does not constitute all of the facts the government would be able to prove at trial and may be able to prove to the Court in accordance with this agreement.

AKT A. On June 22, 2021, defendant's boyfriend, Abyehun Teferi, received a deferred judgment for Assault Causing Bodily Injury in the Iowa District Court for Black Hawk County. Defendant was the victim of the assault.

AKT B. On July 2, 2021, Teferi attempted to buy a Stoeger, Model STR-9, 9mm semi-auto pistol from a federal firearms licensee (FFL), Store-1, which is located in Cedar Falls, Iowa. Defendant was with him in the store on July 2, 2021. The store denied the purchase to Teferi based on the results of the NICS background check. Defendant was standing next to Teferi when a store employee informed him that he could not purchase the firearm. The employee gave Teferi a form explaining the denial.

AKT C. On July 6, 2021, defendant bought a Canik/Century Arms (31493), Model TP9SFX, 9mm semi-auto pistol from Store-2, an FFL located in Waterloo, Iowa.

AKT D. On July 19, 2021, defendant went back to Store-1. She knew what firearm she wanted without any assistance and without handling any of the store's firearms. She purchased a Stoeger, Model STR-9, 9mm semi-auto pistol. On the ATF Form 4473 defendant filled out in connection with her firearm purchase, defendant answered, "Yes" to question 21.a, which asked, "Are you the actual transferee/buyer of the firearm(s) listed on these forms?" That question is accompanied by a warning instructing any purchaser that "You are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual transferee/buyer, the licensee cannot transfer the firearm(s) to you." Defendant answered, "No" to the question that asked if she was an unlawful user of marijuana or any other controlled substance. Defendant signed the ATF 4473 form, certifying that her answers on the ATF 4473 forms were true, correct, and complete.

AKT E. On July 24, 2021, defendant bought a German Sport Guns (59992), Model GSG-16, .22LR caliber rifle, from Store-2.

AKT F. On July 27, 2021, defendant and Teferi went back to Store-1 together. Teferi was shopping for a gun holster. According to reports in discovery, when the employee asked what kind of gun, Teferi showed him a Stoeger firearm in his waistband, and the employee recognized the firearm as a Stoeger. The employee gave Teferi a display Stoeger from the display case to see how it fit in the holster. Teferi tried the holster on and then purchased it.

AKT G. ATF obtained a search warrant for defendant and Teferi's residence. Law enforcement agents executed that warrant on September 2, 2021. In defendant and Teferi's bedroom, agents found six firearms: (1) a Taurus G2C, 9mm pistol; (2) a Stoeger STR-9, 9mm pistol; (3) a Canik/Century Arms (31493), Model TP9SFX, 9mm semi-auto pistol; (4) a Ruger Security-9, 9mm pistol; (5) a Radical RF-15, .223 caliber AR pistol; and (6) a German Sport Guns (59992), Model GSG-16, .22LR caliber rifle. They also found a Palmetto State Armory 5.56 NATO caliber upper receiver and two jars containing marijuana.

AJT H. In a post-Miranda interview, defendant described where the firearms were located in the residence. She said she had ordered an AR lower for the upper receiver that was in the house. Defendant admitted to being a marijuana user and that she knew Teferi was a marijuana user. Defendant consented to a search of her phone and to give a urine sample.

AJT I. In a post-Miranda interview, Teferi admitted to being a marijuana user. He said the marijuana in the house belonged to defendant. Teferi said he began smoking approximately five years before and smoked a few days per week. Teferi consented to a search of his phone and to give a urine sample.

AJT J. Defendant's urine sample was positive for marijuana metabolites. Teferi's urine sample was also positive for marijuana metabolites.

AJT K. The following firearms meet the federal definition of a firearm and were manufactured outside the state of Iowa: (1) Taurus G2C, 9mm pistol; (2) a Stoeger STR-9, 9mm pistol; (3) a Canik/Century Arms (31493), Model TP9SFX, 9mm semi-auto pistol; (4) a Ruger Security-9, 9mm pistol; (5) a Radical RF-15, .223 caliber AR pistol; (6) a German Sport Guns (59992), Model GSG-16, .22LR caliber rifle; and (7) a Palmetto State Armory, PA-15, multi-caliber lower receiver.

AJT L. On or about September 2, 2021, in the Northern District of Iowa, defendant, knowing she was then an unlawful user of a controlled substance as defined in 21 U.S.C. § 802, namely marijuana, knowingly possessed firearms, specifically: (1) a Ruger Security-9, 9x19mm pistol, (2) a Stoeger STR-9, 9x19mm caliber pistol (3) a Canik TP-9 SFX, 9x19mm pistol, and (4) a German Sport Guns GSG-16, .22 LR caliber rifle, and the firearms were in and affecting commerce. Defendant constructively possessed a Radical Firearms RF-15, 5.56 NATO caliber pistol on September 2, 2021. On or about September 2, 2021, Teferi, an unlawful user of a controlled substance as defined in 21 U.S.C. § 802, namely marijuana, possessed the Taurus G2C, 9x19mm pistol.

**SENTENCING PROVISIONS**

9. AJT Defendant understands and agrees to be sentenced based on facts to be found by the sentencing judge by a preponderance of the evidence and agrees

facts essential to the punishment need not be (1) charged in the Indictment; (2) proven to a jury; or (3) proven beyond a reasonable doubt. The Court may also consider other information concerning the background, character, and conduct of defendant.

10. AKT During plea negotiations the parties may have discussed how various factors could impact the Court's sentencing decision and the determination of the advisory sentencing guidelines range. The parties agree, however, that discussions did not result in any express or implied promise or guarantee concerning the actual sentence to be imposed by the Court. Defendant understands the Court is not bound by the stipulations of the parties, nor is it bound by the sentencing range as determined pursuant to the sentencing guidelines. This plea agreement provides for no guarantee concerning the actual sentence to be imposed. Defendant further understands defendant will have no right to withdraw defendant's guilty plea if the sentence imposed is other than defendant hoped for or anticipated.

11. AKT The parties stipulate and agree the United States Sentencing Guidelines should be applied, at least, as follows:

AKT A. **Firearm Offense Level (Chapter 2):** For Count 1, pursuant to USSG §2K2.1(a), the base offense level is at least **14**.

AKT B. **Number of Firearms – Specific Offense Characteristic:** The parties stipulate and agree that a **two-level** enhancement is appropriate under USSG §2K2.1(b)(1) because defendant's offense involved at least seven firearms.

AKT C. **Acceptance of Responsibility (Chapter 3 adjustment):** The United States agrees for purposes of USSG §3E1.1(b) that defendant timely notified authorities of defendant's intention to enter a guilty plea. However, the United States may withhold a motion under USSG §3E1.1(b) based on any interest identified in USSG §3E1.1 or the commentary thereto.

AKT D. **Criminal History (Chapter 4):** No agreement has been reached regarding defendant's criminal history. The parties reserve the right to contest the Probation Office's determination of defendant's criminal history and criminal history category under Chapter Four of the sentencing guidelines. In addition, defendant understands that,

if defendant's criminal history would result in a higher base offense level under any guideline, the government is free to seek such a base offense level.

AJT E. **Departure - USSG §5K1.1 and 18 U.S.C. § 3553(e):** The United States will not make a motion for downward departure under §5K1.1 or any other provision of the United States Sentencing Guidelines or under 18 U.S.C. § 3553(e) or any other provision of law.

AJT F. No other agreements have been reached, and the parties are free to litigate in the district court any and all other applicable adjustments, departures, or cross-references under the United States Sentencing Guidelines.

12. AJT Defendant, defendant's attorney, and the United States may make whatever comment and evidentiary offer they deem appropriate at the time of the guilty plea, sentencing, or any other proceeding related to this case, so long as the offer or comment does not violate any other provision of this agreement. The parties are also free to provide all relevant information and controlling authority to the Probation Office and Court for use in preparing and litigating adjustments, enhancements, or departures scored in the presentence report, including offering statements made by defendant at any time.

13. AJT The parties are free to contest or defend any ruling of the Court, unless otherwise limited by this agreement, on appeal or in any other post-conviction proceeding.

**CONDITIONS OF SUPERVISION**

14. AJT If probation or a term of supervised release is ordered, the parties are free to seek whatever conditions they deem appropriate.

**FINANCIAL MATTERS**

15. AJT Defendant agrees to pay a special assessment of $100 as required by 18 U.S.C. § 3013. Defendant may pay the special assessment to the Clerk of Court using the enclosed payment coupon. Defendant or defendant's representative will send or deliver the special assessment payment to the U.S. District Clerk of Court, 111 Seventh Avenue, SE, Box 12, Cedar Rapids, IA 52401. If payment is made in the form of a check or money order, it should be made out to the "U.S. District Clerk of Court."

16. AKT Defendant agrees to fully complete the enclosed Authorization to Release Credit Information pursuant to 15 U.S.C. § 1681b(a)(2). Further, upon request, defendant agrees to provide the U.S. Attorney's Office with any supporting information or documentation in defendant's possession or control regarding the information contained in the consumer credit report. In addition, defendant agrees to take any additional action requested by the United States to obtain financial information about defendant in the hands of third parties. This request includes, but is not limited to, mortgages, financial statements, loan applications or requests for extension of credit, financing statements, security agreements, subordinations, promissory notes, account information, tax returns, W2s, child support obligations, and any other document that may be held by a third party containing financial information about defendant. Defendant agrees to provide this information whenever requested until such time any judgment or claim against defendant, including principal, interest, and penalties, is satisfied in full. This information will be used to evaluate defendant's capacity to pay any claim or judgment against defendant as well as satisfy any forfeiture obligations. Defendant further understands and agrees the United States can and will release such information to the United States Probation Office for the Northern District of Iowa.

17. AKT Defendant agrees to fully and truthfully complete the enclosed financial statement form. Further, upon request, defendant agrees to provide the U.S. Attorney's Office with any information or documentation in defendant's possession or control regarding defendant's financial affairs and agrees to submit to a debtor's examination when requested. Defendant agrees to provide this information whenever requested until such time any judgment or claim against defendant, including principal and interest, is satisfied in full. This information will be used to evaluate defendant's capacity to pay any claim or judgment against defendant.

**FORFEITURE**

18. AKT Defendant agrees to forfeit and abandon any and all claim to items seized by law enforcement from defendant at the time of any arrest or search, including defendant's arrest and the search of defendant's vehicle, residence, and person on September 2, 2021. Defendant also waives any right to additional notice of the forfeiture and abandonment of such property. Defendant stipulates this plea agreement constitutes notice under Local Criminal Rule 57B(f) regarding the disposal of any exhibits or evidence related to this matter. Defendant understands that, from this date forward, any local, state, or federal law enforcement agency

may take custody of and use, dispose of, and transfer these items in any way the agency deems appropriate.

19. AKT Defendant agrees to voluntarily disclose, forfeit, abandon, give up, and give away to the United States, or any law enforcement agency designated by the United States, prior to the date of sentencing herein, any right, title and interest defendant may have in property subject to forfeiture under the United States Code, including 21 U.S.C. §§ 853 and 881, and 18 U.S.C. §§ 924, 981 and 982, and any right, title and interest defendant may have in the following items:

A. all firearms, ammunition, destructive devices, silencers, weapons modification kits, and gunpowder seized on September 2, 2021. This specifically includes, but is not limited to, the following: (1) Taurus G2C, 9mm pistol; (2) a Stoeger STR-9, 9mm pistol; (3) a Canik/Century Arms (31493), Model TP9SFX, 9mm semi-auto pistol; (4) a Ruger Security-9, 9mm pistol; (5) a Radical RF-15, .223 caliber AR pistol; (6) a German Sport Guns (59992), Model GSG-16, .22LR caliber rifle; and (7) a Palmetto State Armory, PA-15, multi-caliber lower receiver;

B. all firearms, ammunition, destructive devices, silencers, weapons modification kits, and gunpowder presently in defendant's home, garage, place of business, rental storage facility, safety deposit box, or under defendant's control; and

C. all firearms, ammunition, destructive devices, silencers, weapons modification kits, and gunpowder held by another person or entity for or at the request of defendant.

20. AKT If any of the property described in the above paragraphs, as a result of any act or omission of defendant:

A. cannot be located upon the exercise of due diligence;

B. has been transferred or sold to, or deposited with, a third party;

C. has been placed beyond the jurisdiction of the Court;

D. has been substantially diminished in value; or

E. has been commingled with other property that cannot be divided without difficulty;

defendant shall, prior to sentencing, provide payment to the government by cashier's or certified check up to the value of such property. Alternatively, defendant shall consent to an order of forfeiture of any other property up to the value of any such property.

21. AKT Within two weeks of signing this agreement, defendant agrees to provide the United States Attorney's Office for the Northern District of Iowa with written documentation of defendant's ownership or right, title, or interest in the aforementioned property. In the event defendant is unable to provide documentation of defendant's right, title, or interest in such property within two weeks of signing this agreement, defendant shall relinquish custody of that property to the United States at that time, or at any subsequent time agreed to by the United States, upon demand of the government.

22. AKT By this agreement defendant not only agrees to forfeit all interests in the property referred to in the above paragraphs, but agrees to take whatever steps are necessary to convey any and all of defendant's right, title, and interest in such property to the United States. These steps include, but are not limited to, the surrender of title, the signing of a quit claim deed, the signing of a consent decree, the signing of abandonment papers, the signing of a stipulation of facts regarding the transfer and basis for the forfeiture, and the signing any other documents necessary to effectuate such transfers. Defendant agrees to execute the enclosed abandonment declaration for any firearms or ammunition and to return that abandonment declaration with the signed copy of this agreement. Defendant further agrees to fully assist the government in the recovery and return to the United States of any assets or portions thereof as described above wherever located. Defendant further agrees to make a full and complete disclosure of all assets over which defendant exercises control and those held or controlled by a nominee. Defendant further agrees to be polygraphed on the issue of assets if it is deemed necessary by the United States before defendant's sentencing.

23. AKT Defendant agrees not to waste, sell, dispose of, or otherwise diminish the value of any items or property referred to in the above paragraphs or allow others to do so. Defendant further agrees not to contest any forfeiture action or proceeding brought on behalf of any government agency involved in this investigation that seeks to forfeit property described in the above paragraphs.

24. AKT Defendant agrees and understands that, should defendant fail to truthfully account for all of defendant's holdings, proceeds, assets, or income, whether derived from a legal source or not, for the period charged, defendant shall

be deemed to have materially breached this agreement. The decision as to whether defendant has been complete, forthright, and truthful in this regard shall be in the sole discretion of the United States Attorney's Office, taking into consideration the totality of the circumstances and the totality of the evidence developed in the course of the investigation.

## GENERAL MATTERS

25. AJT Defendant shall not violate any local, state, or federal law during the pendency of this agreement. Any law violation, with the exception of speeding or parking violations, committed by defendant will constitute a breach of this agreement and may result in the revocation of the entire agreement or any of its terms. Defendant or defendant's attorney shall notify this office within 48 hours if defendant is questioned, charged, or arrested for any law violation.

26. AJT If defendant violates **any** term or condition of this plea agreement, in **any** respect, the entire agreement will be deemed to have been breached and may be rendered null and void by the United States. Defendant understands, however, the government may elect to proceed with the guilty plea and sentencing. These decisions shall be in the sole discretion of the United States. If defendant does breach this agreement, defendant faces the following consequences: (1) all testimony and other information defendant has provided at any time (including any stipulations in this agreement) to attorneys, employees, or law enforcement officers of the government, to the Court, or to the federal grand jury may and will be used against defendant in any prosecution or proceeding; (2) the United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against defendant and to use any information obtained directly or indirectly from defendant in those additional prosecutions; and (3) the United States will be released from any obligations, agreements, or restrictions imposed upon it under this plea agreement.

27. AJT Defendant waives all claims defendant may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment to the Constitution. Defendant also agrees any delay between the signing of this agreement and the final disposition of this case constitutes excludable time under 18 U.S.C. § 3161 et seq. (the Speedy Trial Act) and related provisions.

28. AJT Any dismissal of counts or agreement to forego filing charges is conditional upon final resolution of this matter. If this agreement is revoked or defendant's conviction is ultimately overturned, the United States retains the right

to reinstate previously dismissed counts and to file charges that were not filed because of this agreement. Dismissed counts may be reinstated and uncharged offenses may be filed if: (1) the plea agreement is revoked, or (2) defendant successfully challenges defendant's conviction through a final order in any appeal, cross-appeal, habeas corpus action, or other post-conviction relief matter. A final order is an order not subject to further review or an order that no party challenges. The United States may reinstate any dismissed counts or file any uncharged offenses within 90 days of the filing date of the final order. Defendant waives all constitutional and statutory speedy trial rights defendant may have. Defendant also waives all statute of limitations or other objections or defenses defendant may have related to the timing or timeliness of the filing or prosecution of charges referred to in this paragraph.

## ACKNOWLEDGMENT OF DEFENDANT'S UNDERSTANDING

29. AKT Defendant acknowledges defendant has read each of the provisions of this entire plea agreement with the assistance of counsel and understands its provisions. Defendant has discussed the case and defendant's constitutional and other rights with defendant's attorney. Defendant understands that, by entering a plea of guilty, defendant will be giving up the right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in defendant's defense; to remain silent and refuse to be a witness by asserting defendant's privilege against self-incrimination; and to be presumed innocent until proven guilty beyond a reasonable doubt. Defendant agrees defendant's attorney has represented defendant in a competent manner and has no complaints about that lawyer's representation. Defendant states defendant is not now on or under the influence of, any drug, medication, liquor, or other substance, whether prescribed by a physician or not, that would impair defendant's ability to fully understand the terms and conditions of this plea agreement.

30. AKT Defendant acknowledges that prior plea offers dated December 28, 2021, December 30, 2021, and January 3, 2022, have expired or been rejected. Defendant agrees defendant was notified of the plea offers and defendant had a full and complete opportunity to discuss these offers with defense counsel prior to the expiration or rejection dates.

31. AKT Defendant acknowledges defendant is entering into this plea agreement and is pleading guilty freely and voluntarily because defendant is guilty and for no other reason. Defendant further acknowledges defendant is entering into this agreement without reliance upon any discussions between the government and defendant (other than those specifically described in this plea agreement), without

promise of benefit of any kind (other than any matters contained in this plea agreement), and without threats, force, intimidation, or coercion of any kind. Defendant further acknowledges defendant's understanding of the nature of each offense to which defendant is pleading guilty, including the penalties provided by law.

32. AJT Defendant further understands defendant will be adjudicated guilty of each offense to which defendant will plead guilty and will thereby be deprived of certain rights, including, but not limited to, the right to vote, to hold public office, to serve on a jury, and to possess firearms and ammunition. Defendant understands the government reserves the right to notify any state or federal agency by whom defendant is licensed, or with whom defendant does business, of the fact of defendant's conviction.

**VERIFICATION**

33. AJT This letter constitutes the entire agreement between the parties. No other promises of any kind, express or implied, have been made to defendant by the United States or its agents. No additional agreement may be entered into unless in writing and signed by all parties. The agreement will not be deemed to be valid unless and until all signatures appear where indicated below.

If this agreement is acceptable, please have your client indicate acceptance by placing initials on the line preceding each of the above paragraphs and by signing below where indicated. By initialing each paragraph and signing below, defendant acknowledges defendant has read, fully understands, and agrees to each paragraph of this agreement. Please return all enclosures, completed and signed, with this signed letter to the U.S. Attorney's Office.

Please complete the enclosed Consent to Proceed Before the Magistrate Judge. This document is needed to allow the Magistrate Judge to receive defendant's guilty plea.

Finally, please remember to pay the special assessment as agreed above.

Thank you for your cooperation.

Sincerely,

SEAN R. BERRY
United States Attorney

By, */s/ Kyndra Lundquist*

KYNDRA LUNDQUIST
Assistant United States Attorney

**ENCLOSURES:**
Financial Statement Form
Special Assessment Payment Coupon
Abandonment Declaration
Authorization to Release Credit Information
Consent to Proceed Before Magistrate Judge

The undersigned defendant, with advice of counsel, accepts the terms of this plea agreement. The undersigned Assistant United States Attorney accepts the terms of the executed plea agreement.

01/03/2022

Digitally signed by KYNDRA LUNDQUIST
Date: 2022.01.04 09:06:00 -06'00'

| | | | |
|---|---|---|---|
| ALISSA LYNN KUCKO<br>Defendant | Date | KYNDRA LUNDQUIST<br>Assistant United States Attorney | Date |

1-3-22

ZACH CROWDES Date
Attorney for Defendant