IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN (WATERLOO) DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ALISSA LYNN KUCKO,<br><br>Defendant. | ) | No. 21-CR-2068-01 |

**GOVERNMENT'S SENTENCING MEMORANDUM**

In advance of the sentencing hearing set in the above listed case, the United States hereby provides its sentencing memorandum.

## I. WITNESSES/EXHIBITS/ISSUES

### A. Government Witnesses

1. Joe Saunders, ATF Task Force Officer

### B. Government Exhibits

1. None

### C. Sentencing Issues

The Final Presentence Investigation Report filed on April 8, 2022, lists the following issues for decision: (1) whether an offense level reduction to level 6 for possessing all ammunition and firearms solely for lawful sporting purposes or collection under USSG §2K2.1(b)(2) applies, and (2) defendant's motion for a downward variance based on the factors in 18 U.S.C. § 3553(a). (Docket 87 at 25).

The government will respond to defendant's motion for a downward variance before the sentencing hearing.

As explained below, defendant is precluded from receiving an offense level reduction to 6 for possessing all ammunition and firearms solely for lawful sporting purposes or collection.

## II. DEFENDANT SHOULD NOT RECEIVE AN OFFENSE LEVEL DECREASE UNDER USSG §2K2.1(b)(2)

Subsection 2K2.1(b)(2) of the United States Sentencing Guidelines states: "If the defendant, *other than a defendant subject to subsection (a)(1), (a)(2), (a)(3), (a)(4), or (a)(5),* possessed all ammunition and firearms solely for lawful sporting purposes or collection, and did not unlawfully discharge or otherwise unlawfully use such firearms or ammunition, decrease the offense level determined above to level 6." USSG §2K2.1(b)(2) (emphasis added).

In *United States v. Moore*, 860 F.3d 1076 (8th Cir. 2017), the court stated:

> Under U.S.S.G. §2K2.1(b)(2), a defendant's base offense level is reduced to level six if the defendant "possessed all ammunition and firearms solely for lawful sporting purposes or collection, and did not unlawfully discharge or otherwise unlawfully use such firearms or ammunition." The burden is on the defendant to prove that he possessed the firearms solely for sporting or collection purposes. *United States v. Massey*, 462 F.3d 843, 845 (8th Cir. 2006).
>
> To determine whether the sporting-use or collection reduction applies, courts look to the "[r]elevant surrounding circumstances," which "include the number and type of firearms, the amount and type of ammunition, the location and circumstances of possession and actual use, the nature of the defendant's criminal history (*e.g.*, prior convictions for offenses involving firearms), and the extent to which possession was restricted by local law." U.S.S.G. § 2K2.1(b)(2) cmt. n.6.

*Id.* at 1077-78. In addition, in *United States v. Ramirez-Rios*, 270 F.3d 1185, 1187 (8th Cir. 2001), the court stated:

> A defendant who possesses a handgun for personal protection is not entitled to a §2K2.1(b)(2) reduction. *See* [*United States v.*] *Kissinger*, 986 F.2d [1244,] 1246 [(8th Cir. 1993)]; *United States v. Gresso*, 24 F.3d 879, 881-82 (7th Cir. 1994). The plain language of §2K2.1(b)(2) states that the provision only applies "if the defendant . . . possessed *all* ammunition and firearms *solely* for lawful sporting purposes or collection." U.S.S.G. §2K2.1(b)(2) (emphasis added).

*Id.* at 1187.

In *United States v. Shell*, 972 F.2d 548 (5th Cir. 1992), the court stated, "None but the most negligent of target shooters would keep legitimate sporting firearms loaded in the home." *Id.* at 553.

In *United States v. Bayles*, 310 F.3d 1302 (10th Cir. 2002), in a case involving different facts, the court cited other cases regarding loaded handguns or handguns kept for personal protection:

> Upon review of the record, we agree with the government that the district court did not clearly err in declining to reduce Mr. Bayles's offense level pursuant to USSG §2K2.1(b)(2). As the government notes, two of the weapons that Mr. Bayles possessed were handguns. The evidence supports the conclusion that Mr. Bayles did not possess these weapons for sporting or collection purposes. *Cf.* [*United States v.*] *Morrison*, 983 F.2d [730,] 732-33 [(6th Cir. 1993)] (holding that the sentencing court did not clearly err in concluding that a handgun without a scope, carried in a shoulder holster was not possessed "solely for lawful sporting purposes"). Additionally, the fact that Mr. Bayles carried ammunition with the handguns supports the district court's refusal to apply §2K2.1(b)(2). *See United States v. Dudley*, 62 F.3d 1275, 1277 (10th Cir. 1995) (stating that "the fact that the guns were loaded cuts against the contention that they were solely for sporting or collection purposes"); *see also United States v. Halpin*, 139 F.3d 310, 311 (2d Cir. 1996) (concluding that firearms kept for personal protection were not used "solely for lawful sporting purposes or collection").

*Id.* at 1308-09.

First, defendant cannot claim the benefit of an exception that was plainly written with the intent to exclude her from its application. She has been assessed with a base 20 under USSG §2K2.1(a)(4)(B), and she did not object to the scoring of that offense level. The plain language of USSG §2K2.1(b)(2) precludes her from receiving an offense level reduction under that subsection, and the Court should decline defendant's invitation to expand the application of the reduction beyond its intended purpose.

Second, even if the reduction could be applied to her, defendant cannot carry her burden to show that she possessed all ammunition and firearms solely for sporting or collection purposes. Defendant and her codefendant, Abyehun Teferi, were holding on to the Radical Firearms RF-15, 5.56 NATO caliber pistol for a friend. (PSR ¶ 17). Of the six firearms found in defendant's home, five were loaded, including the firearm defendant says she was merely holding onto for safekeeping. (PSR ¶ 14). Two of those firearms were loaded with 20 or more rounds of ammunition. (PSR ¶ 13). Given the number of loaded firearms seized from defendant's residence, defendant's participation in the drug trade through her buying of marijuana, *see United States v. Ruiz*, 412 F.3d 871, 881 (8th Cir. 2005) ("Firearms are tools of the drug trade due to the dangers inherent in that line of work.")), and the evidence of drug use in the house, one of the purposes of defendant's possession of the firearms seized from her house was personal protection.

Consequently, because the language of the subsection precludes its application in this case and because defendant did not possess "all ammunition and firearms *solely* for lawful sporting purposes or collection," an offense level decrease pursuant to USSG §2K2.1(b)(2) is inappropriate. The Court should deny defendant's request for an offense level reduction to 6 under USSG §2K2.1(b)(2).

## III. CONCLUSION

As explained above, the Court should reject defendant's request for an offense level reduction under USSG §2K2.1(b)(2).

Respectfully submitted,

TIMOTHY T. DUAX
Acting United States Attorney

By: */s/ Kyndra Lundquist*

KYNDRA LUNDQUIST
Assistant United States Attorney
111 7th Avenue SE, Box 1
Cedar Rapids, IA 52401-2101
319-363-6333
319-363-1990 – Fax
Kyndra.Lundquist@usdoj.gov

CERTIFICATE OF SERVICE
I hereby certify that on July 11, 2022, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the parties or attorneys of record.
UNITED STATES ATTORNEY
BY: /s/ KAL______________