IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN (WATERLOO) DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 21-CR-2068-01 |
| | ) | |
| vs. | ) | |
| | ) | |
| ALISSA LYNN KUCKO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM AND RESISTANCE TO DEFENDANT'S MOTION FOR A DOWNWARD VARIANCE**

Defendant asks the Court to reduce her offense level pursuant to the lawful sporting purposes exception in USSG §2K2.1(b)(2) and moves for a downward variance from the advisory guidelines range. (Docket 100). As explained below, the United States resists and asks the Court to deny both of defendant's requests.

## I. The Lawful Sporting Purposes Exception Does Not Apply

As explained in the government's sentencing memorandum, the lawful sporting purposes exception does not apply in this case. (Docket 102). "When construing the Guidelines, we look first to the plain language, and where that is unambiguous we need look no further." *United States v. Abumayyaleh*, 530 F.3d 641, 650 (8th Cir. 2008). "[W]e are bound by the plain text of the guidelines." *Id.* The language of the sporting purposes exception precludes its application in this case because defendant's offense involved a semiautomatic firearm that is capable of accepting a large capacity magazine. *See* USSG §2K2.1(b)(2). Defendant notes

that one of the firearms that resulted in the increase to defendant's offense level through the application of USSG §2K2.1(a)(4) was a Radical Firearms RF-15, 5.56 NATO caliber pistol that she was allegedly holding onto for a friend. (Docket 100 at 3). However, the application of the reduction here is barred based on defendant's possession of not one but two firearms that had high capacity magazines. The Sentencing Commission specifically chose to exempt defendants who possessed semiautomatic weapons with high capacity magazines from the application of the sporting purposes exception and did so for good reason. "Section 2K2.1(a)(4)(B) was crafted by the Sentencing Commission based on data collected about the nature and use of such weapons." *United States v. Price*, 649 F.3d 857, 861 (8th Cir. 2011). "[A]ssault weapons that can accept large capacity magazines have been referred to as 'mass produced mayhem.'" *Id.* "[T]he amendment of [USSG §2K2.1(a)(4)(B)] in 2006 shows that the Sentencing Commission was specifically concerned about the need to enhance a sentence if a defendant possessed a semiautomatic weapon that was capable of accepting a large capacity magazine." *Id.*

Accordingly, the sporting purposes exception is not available to defendants who possessed these highly dangerous weapons. "Note that where the base offense level is determined under subsections (a)(1)-(a)(5), subsection (b)(2) is not applicable." USSG §2K2.1, comment. (n.6); *see United States v. Leichleiter*, No. 8:20-CR-120, 2022 WL 2078091, at *5 (D. Neb. June 9, 2022) (rejecting defendant's argument that his base offense level should be 6 because USSG §2K2.1(a)(4)

applied). The sporting purposes exception does not apply in this case, and the Court should reject defendant's request for a reduction under USSG §2K2.1(b)(2).

## II. The Court Should Deny Defendant's Motion for a Downward Variance

The nature and circumstances of defendant's offense do not support a downward variance. Defendant and her codefendant, both unlawful drug users, possessed six firearms and more than 2,000 rounds of ammunition in their home. (PSR ¶ 14). Five of these firearms were loaded, two of them had rounds chambered, and two of them were loaded with more than twenty rounds of ammunition. (PSR ¶ 14). Defendant and defendant Teferi were still acquiring firearms—law enforcement seized a Palmetto State Armory, PA-15, multi-caliber lower receiver that defendants had ordered from a firearms dealer where it was ready to be picked up. (PSR ¶ 17). Defendant chose to repeatedly buy and possess highly dangerous firearms while illegally buying and using marijuana. There is nothing about the nature and circumstances of defendant's offense that warrants a downward variance.

Further, defendant's history and characteristics do not merit a downward variance. Defendant had a "pretty good" childhood, and she has a close relationship with her mother. (PSR ¶¶ 42-43). Defendant says that she only used marijuana on a less than monthly basis. (PSR ¶ 52). That appears inconsistent with the facts that she continued to smoke marijuana despite her pregnancy and, though her last admitted use was either August 2021 or early September 2021, she continued to test positive through October 1, 2021. (PSR ¶¶ 3, 52). Defendant notes that her

two positive marijuana tests were her only violations of pretrial release; however, as she concedes, compliance with the terms of pretrial release is the expectation. (Docket 100 at 6). It is not exceptional. Defendant also committed this offense while she was on probation. (PSR ¶ 34).

Defendant's properly calculated guidelines range is solidly in Zone D of the sentencing table. Under USSG §5C1.2(f), "[i]f the applicable guideline range is in Zone D of the Sentencing Table, the minimum term shall be satisfied by a sentence of imprisonment." While the guidelines are advisory, this subsection is persuasive evidence that the substantial variance defendant is requesting here is inappropriate. On balance, defendant's history and characteristics do not take defendant's case outside the heartland of the guidelines, and a downward variance is not warranted.

Based on the serious nature of defendant's offense and the other factors in 18 U.S.C. § 3553(a), the Count should deny defendant's motion for a downward variance and impose a sentence within the guidelines range as scored in the PSR.

## III. Conclusion

As explained above, the United States asks the Court to (1) find that the lawful sporting purposes exception in USSG §2K2.1(b)(2) does not apply and (2) deny defendant's motion for a downward variance.

Respectfully submitted,

TIMOTHY T. DUAX
Acting United States Attorney

By: */s/ Kyndra Lundquist*

CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2022, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notification of such filing to the parties or attorneys of record.

UNITED STATES ATTORNEY

BY: /s/ KAL

KYNDRA LUNDQUIST
Assistant United States Attorney
111 7th Avenue SE, Box 1
Cedar Rapids, Iowa 52401-2101
319-363-6333
319-363-1990 – Fax
Kyndra.Lundquist@usdoj.gov